IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED IN OPEN COURT
AUG 12 2025
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LISA STANLEY,<br>*Also known as Lisa Gorczynski*<br><br>Defendant. | Case No. 1:25-cr-225<br><br>Count 1: 18 U.S.C. § 1341<br>(Mail Fraud)<br><br>**Forfeiture Notice** |

## INFORMATION

### INTRODUCTORY ALLEGATIONS

At all times relevant to the information, unless otherwise stated:

1. Defendant Lisa Stanley ("Stanley" or "defendant") resided in Maryland.

2. Stanley was also known as Lisa Gorczynski.

3. The defendant owner and operated an interior design business, LS Interiors, LLC, that offered interior design to clients in Virginia and Maryland. LS Interiors, LLC's clients included both individuals and businesses.

4. Victim 1 was a Country Club located in Arlington, Virginia, within the Eastern District of Virginia. Victim 1 was one of Stanley's clients.

5. During 2023, Victim 2 resided in Ashburn, Virginia, also within the Eastern District of Virginia. Victim 2 was an individual and one of Stanley's clients.

## COUNT ONE
(Mail Fraud)

THE UNITED STATES ATTORNEY CHARGES THAT:

6.  The allegations contained paragraphs 1-5 of this Information are realleged and incorporated by reference as if set forth fully here.

7.  From at least in or around July 2022 to in or around October 2024, in the Eastern District of Virginia and elsewhere, defendant,

## LISA STANLEY

did knowingly and unlawfully devise and intend to devise a scheme and artifice to defraud her clients and for obtaining money from her clients by means of false or fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1341.

8.  It was a purpose and object of the scheme and artifice to defraud for Stanley to unlawfully enrich herself by obtaining money from her clients and falsely promising to use those funds on the design services and goods that she was supposed to provide her clients.

*The Scheme to Defraud and Its Manner and Means*

9.  From at least in or around July 2021 [handwritten: 2022 KR] to in or around October 2024, in the Eastern District of Virginia and elsewhere, the defendant did knowingly, devise and participate in a scheme and artifice to defraud her clients, including Victim 1 and Victim 2, and to obtain money and property from them by means of materially false pretenses, representations, and promises through the use of the mails. Specifically, from around July 2022 through around January 2024, Stanley agreed to provide design services and items to approximately six individuals and two companies (collectively, the clients) but she failed to provide all of the agreed upon services or items. The clients transferred money as advanced payments to purchase Stanley's services and the agreed upon items. Although Stanley previously performed some work on behalf of the clients, she failed

to provide all of the items or services promised to the clients in exchange for the advanced payments. Instead, Stanley used substantial portions of the monies from the advanced payments to finance her gambling addiction and financially benefit herself.

10. In furtherance of the scheme, Stanley would prepare and send her clients invoices. These invoices billed her clients for custom items and services that she falsely promised to provide them.

11. After they received Stanley's invoices, her clients would then submit payments to her via checks mailed to her address in Maryland or ACH payments for the agreed upon custom items and services. However, Stanley never provided all of the agreed upon custom items and services to her clients.

12. Stanley sent her clients lulling communications when they questioned her about the status of the custom items or services they ordered. Stanley would state that the items had not been delivered because she had not received these items from another vendor. However, Stanley knew that these statements were in fact false, because she never paid the vendors for most of the items her clients had ordered. Instead of purchasing the agreed upon items with the monies that her clients paid her, Stanley used these funds to unjustly finance her gambling addiction and financially benefit herself.

13. Stanley invoiced Victim 1 for design services and customized furniture in November 2023.

14. Victim 1 sent a payment to Stanley that same month via ACH in response to the November 2023 invoice. However, Stanley never provided the customized furniture.

15. Victim 1 inquired about the delivery of the customized furniture multiple times. Stanley sent Victim 1 several lulling communications in response to Victim 1's questions about

the delivery of the customized furniture. Stanley repeatedly emailed Victim 1 that she had ordered the furniture but was waiting on the vendor to deliver the customized pieces. Stanley knew that these explanations were in fact false when she wrote the emails, because she never paid the vendor for all of the customized pieces even though Victim 1 had previously paid her for this furniture.

16. Around July 1, 2023, Stanley invoiced Victim 2 for $170,455.81. This invoice was for furniture and décor that Stanley was supposed to provide for Victim 2's new home. After receiving the invoice, Victim 2 paid for the furniture and décor by check.

17. Victim 2 mailed this check from Ashburn, Virginia via a blue U.S. Postal mailbox on or around July 6, 2023. This check was made payable to LS Interiors, LLC for $170,455.81 and dated July 6, 2023. Stanley deposited the check into a bank account under her control around July 11, 2023. However, Stanley never delivered any of the invoiced furniture or décor to Victim 2.

18. The invoiced furniture and décor were initially supposed to be delivered to Victim 2 around February 2024, but they were not delivered at this time. Victim 2 asked Stanley for an update on the furniture and décor around June 2024, and Stanley indicated that they would be delivered around September 2024. Victim 2 never received the furniture or décor from Stanley.

## *Execution of the Scheme*

19. In or around July 2023, for the purpose of executing the aforementioned scheme and artifice to defraud and attempting to execute the above-described scheme and artifice to defraud, the defendant knowingly caused to be sent and delivered by mail, according to the direction thereon, the following matter: an envelope containing a check from Victim 2 made payment to LS Interiors, LLC in the amount of $170,455.81.

## FORFEITURE NOTICE

Pursuant to Federal Rule of Criminal Procedure 32.2(a), defendant **Lisa Stanley** is hereby notified that upon conviction of the offense alleged in Count 1 of the Criminal Information, **Lisa Stanley** shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of the violation.

Pursuant to 21 U.S.C. § 853(p), **Lisa Stanley** shall forfeit substitute property, if, by any act or omission of **Lisa Stanley**, the property referenced above cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

(In accordance with Title 18, United States Code, Section 981(a)(1)(C); Title 28 United States Code, Section 2461; Title 21 United States Code, 853(p); and Rule 32.2(a), Federal Rules of Criminal Procedure.)

Erik S. Siebert
UNITED STATES ATTORNEY

*/s/ Kathleen Robeson*
_____
Kathleen E. Robeson
Assistant United States Attorney

5